**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MTISHA JACKSON**                                                **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:14CV717-HTW-LRA**

**HUD HOUSING AUTHORITY**                             **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the Court for a hearing on October 28, 2014, on the Motion to Proceed *in Forma Pauperis* [2] filed on September 12, 2014, by Mtisha Jackson [hereinafter "Plaintiff"]. The Court also conducted the hearing to review Plaintiff's allegations under 28 U.S.C. § 1915(e)(2), to determine if her claims are frivolous or whether she has stated a claim upon which relief could be granted. Plaintiff filed this Complaint against "HUD Housing Authority" [hereinafter "Defendant"].

Plaintiff testified at the hearing that she has not been employed since 2010, when she worked as a dietary aide. Since that time, she has been disabled and has lived on Supplemental Security Income in the monthly amount of $721. She also receives about $41 per month in food stamps. She has two children, ages 2 and 5, who live part-time with her and part-time with her mother. She receives no alimony or child support. She owns a car but it is financed; she makes a monthly car payment. Her monthly living expenses are $835.

The undersigned finds that if only Plaintiff's income and expenses are reviewed, she may be entitled to proceed without the prepayment of fees. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Plaintiff's Complaint [1] is quoted verbatim as follows:

> ... I file a lawsuit against HUD Housing Authority because I had applied to that needed to be assign and addressed for all that need to be assist for my service.  For Livingston St. I applied Sept. 2008 and for Terry Road I applied in 2011.

By Order [3] filed September 17, 2014, Plaintiff was directed to amend her Complaint on or before October 15, 2014, but she failed to do so.  Rather than recommending that her Complaint be dismissed for failure to state a claim at that time, the Court again directed Plaintiff to amend her Complaint, on or before October 28, 2014.  Again, she failed to do so.  She did appear before the undersigned on that date and orally explained her allegations against HUD.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B).  Under the IFP statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie,* 539 F.App'x 435, 435 (5th Cir. 2013) (per curiam) (internal quotation marks omitted).  This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Neitzke*.

The Plaintiff is prosecuting this case *pro se*. Therefore, her pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). This is why the undersigned conducted a hearing, and Plaintiff was given an opportunity to explain her claims orally and to supplement and augment the written allegations contained in her Complaint. Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

The Court in *Iqbal* established the following two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. The "plausibility standard" of Rule 8 applies to all civil actions and must be met in order to survive a motion to dismiss. *Id*. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The undersigned has reviewed Plaintiff's complaint under Rule 8, as augmented by her testimony at the hearing. Her written Complaint clearly fails to comply with Rule 8, but the Court has also considered her sworn testimony in recommending dismissal. Plaintiff testified that she applied for HUD housing in 2008 and was placed on a waiting list. In 2011, she was told that her information needed to be updated. She went into the HUD office in 2012 to do so, but HUD had lost her information. In 2014, she received a letter from HUD saying that they had located her paperwork but they had not heard from her. According to Plaintiff, HUD has passed out 800 HUD vouchers, but she has never gotten one. She has never been told that she was either approved or disapproved.

Plaintiff's only allegations are that she has applied for a HUD voucher and has not been granted one; she was placed on a waiting list, and, for reasons unknown, her paperwork was lost or misplaced. The undersigned finds that Plaintiff has plead no more than legal conclusions and has not stated facts which support a claim upon which relief can be granted. Her Complaint should be dismissed with prejudice for this reason.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. She has been given an opportunity to file a written Amended Complaint and failed to do so. She was granted an in-person hearing so she could orally explain and augment her claims to the Court. Even after those opportunities, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 14th day of November 2014.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
